# IN THE COURT OF APPEALS OF IOWA

No. 23-0937
Filed August 30, 2023

**IN THE INTEREST OF K.W.,**
**Minor Child,**

**D.J., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Linn County, Carrie Bryner, District Associate Judge.

A mother appeals the termination of her parental rights.  **AFFIRMED.**

David R. Fiester, Cedar Rapids, for appellant mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

Kimberly Ann Opatz of the Linn County Advocate, Cedar Rapids, attorney and guardian ad litem for minor child.

Considered by Greer, P.J., and Schumacher and Badding, JJ.

**SCHUMACHER, Judge.**

A mother appeals the termination of her parental rights. She claims that the State failed to prove a ground for termination, that termination is not in the best interests of the child, and that a permissive exception should be applied to preclude termination. We determine the State established a ground for termination by clear and convincing evidence. We conclude termination is in the child's best interests, and we decline to provide a permissive exception to preclude termination. Accordingly, we affirm.

## I.  Background Facts & Proceedings

This family came to the attention of the Iowa Department of Health and Human Services (HHS) in April 2022 because of concerns over the mother's substance abuse and failure to provide proper care and supervision to the child, K.W., born in June 2018. The child was removed from the mother's custody. A drug test conducted on K.W. at the time of removal revealed the presence of methamphetamine and marijuana.

Custody of the child remained with HHS since removal, but the child's placement changed. The child was originally placed with the mother's ex-wife. K.W. was later moved to the care of the maternal grandparents in January 2023, where the child has remained. The grandparents desire to adopt the child.

The primary concerns of HHS related to the mother's substance abuse, mental health, and instability in housing and employment. The mother admits using marijuana nearly daily for much of the case, although she claims to have reduced her usage to about every-other day by the termination hearing with an expressed intent to eventually quit smoking marijuana. Despite multiple drug tests

that were positive for methamphetamine—most recently in December—the mother denies any usage of this drug. She attempted outpatient treatment after obtaining a substance-abuse evaluation in October, but she quit attending after a couple of sessions. The HHS caseworker testified that because of the length of time since her last substance-abuse evaluation, the mother needed to complete a new evaluation. She failed to do so. Out of about sixty opportunities to drug test, the mother has only participated in about twenty-three tests. The mother has not demonstrated sustained sobriety.

The mother similarly failed to address concerns related to her mental health. She completed two evaluations. She first completed a psychiatric evaluation in December 2022 that prescribed medication that the mother refused to take. This evaluation also recommended individual therapy. She completed a second psychological evaluation in February 2023 that recommended therapy and medication management. The mother began dialectic behavior therapy shortly before the termination hearing, completing just two sessions.

The mother also struggled with unstable housing and employment. At the time of the hearing, she was living with a friend and appeared close to obtaining an apartment. Her last job ended in March 2022. The mother testified that she had several interviews scheduled.

The mother denies any responsibility for the issues underpinning the child's removal and adjudication as a child in need of assistance. She blames her ex-wife for the child testing positive for methamphetamine, her mother for sabotaging her efforts to regain custody, her former paramour for undermining her stability, and HHS for failing to provide adequate services to address the problems the mother

denies exist.[1]  By the time the State moved to terminate the mother's parental rights, she had missed more visits with K.W. than she had exercised.

A termination hearing was held April 27, 2023.  The juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(f) (2023).  The mother appeals.

**II.    Standard of Review**

We review the termination of parental rights de novo.  *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).  Our primary concern is the best interests of the child.  Iowa R. App. P. 6.904(3)(o).

**III.    Statutory Ground for Termination**

The mother claims the State failed to establish a ground for termination. The court terminated the mother's parental rights under section 232.116(1)(f).[2] The mother "concedes the State has *technically* met its burden on the first three elements," but claims the State only met the third element because of the lack of

---

[1] The mother's former paramour is an attorney who became involved with the mother after she was appointed to represent the mother.  The mother had seven changes of counsel, which included her former paramour, who withdrew and then appeared on the mother's behalf for a second time in the proceedings. While ethically inappropriate, the mother has not demonstrated how this impacted the issues on appeal.

[2] That section provides that a court may terminate a parent's parental rights if:
> The court finds that all of the following have occurred:
> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

reasonable efforts made by HHS. But the mother cites no case law related to the reasonable-efforts claim, nor does she explain what services HHS should have provided.[3] As such, any claim related to a purported lack of reasonable efforts is waived. *See* Iowa R. App. P. 6.904(2)(g)(3).

We return to the statutory ground challenged by the mother. As to the final element of the statutory ground, the State provided clear and convincing evidence the child could not be returned to the mother at the time of the termination hearing. As to this element, the mother presents a litany of complaints about other individuals involved—namely her ex-wife, her mother, and her former paramour. But as the juvenile court aptly described: "In reality, the issues in this case and the case plan expectations were very simple. The mother needed to address her substance abuse and mental health issues and consistently attend visits. Unfortunately, she did none of those things."

The mother failed to address her substance abuse or mental health. The mother denies using methamphetamine despite numerous tests establishing otherwise. She has not completed substance-abuse treatment. She admittedly self-medicated with marijuana nearly every day for much of this case. Similarly, the mother has not addressed her mental health. She did not engage in treatment until a few weeks before the termination hearing. The mother refuses to take prescribed medication to address her mental health. And she continues to have

---

[3] The juvenile court found reasonable efforts had been provided by HHS and it was the mother who was unwilling to engage in services. Even if the mother had developed her argument on appeal concerning a lack of reasonable efforts, on our de novo review, we agree with the juvenile court that HHS provided reasonable efforts for reunification.

unstable housing. The child could not safely be returned to the mother at the time of the termination hearing.

## IV.     Best Interests of the Child

The mother claims termination is not in the child's best interests because of the close bond she shares with the child. She rehashes the same arguments as she made in regards to the statutory ground for termination—that her ex-wife, mother, former paramour, and HHS sabotaged her. Even so, she claims her bond with the child has remained strong.[4]

Her arguments lack merit for several reasons. The mother's arguments related to the effects other individuals' actions have had on her are red herrings. For the best interests of the child, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The purported sabotage the mother claims to have faced does not factor into that analysis.

The mother conflates the best-interests-of-the-child analysis under section 232.116(2) with the permissive exception based on a close parent-child bond found in section 232.116(3)(c). As such, we focus first on the child's best interests before considering the applicability of permissive exceptions.

---

[4] The mother makes a passing reference in her petition on appeal to an extension of time for additional reunification efforts. But she cites no authority for this argument. Thus, it is waived. *See* Iowa R. App. P. 6.904(2)(g)(3). And even if we were to reach this claim, we find nothing in this record to reach a determination that the need for removal of the child from the child's home will no longer exist at the end of an additional six-month period. *See* Iowa Code § 232.104(2)(b).

Termination is in the child's best interests. As explained above, the mother has not addressed her mental health or substance abuse. The same concerns leading to the child's removal remain. The child needs permanency and stability. Moreover, the child's current placement, the maternal grandparents, have expressed a desire to adopt the child. *See* Iowa Code § 232.116(2)(b).

## V. Close Bond

Finally, the mother claims the court should decline to terminate her parental rights due to her close bond with the child. *See id.* § 232.116(3)(c). The exceptions found "in section 232.116(3) are permissive, not mandatory." *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) (citation omitted).

The juvenile court declined to apply the exception related to the child's purported bond with the mother. We agree with that determination. While there appears to be a bond between parent and child, the exception applies only when "termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c). As explained, the mother has not addressed her substance abuse or mental health. The child needs stability. The mother has not provided clear and convincing evidence that termination will be detrimental to the child based on an existing bond.

**AFFIRMED.**